# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

TRACY RANDELL COX-WILLIAMS, )
)
        Plaintiff, )
)
v. ) Case No. CIV-14-089-KEW
)
CAROLYN W. COLVIN, Acting )
Commissioner of Social )
Security Administration, )
)
        Defendant. )

## OPINION AND ORDER

This matter comes before the Court on Claimant's Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act (Docket Entry #25). By Order and Opinion entered September 24, 2015, this Court reversed the decision of the Commissioner to deny Claimant's applications for disability insurance benefits under Title II of the Social Security Act and for supplemental security income under Title XVI of the Social Security Act and remanded the case for further proceedings.

In the Motion, Claimant seeks attorney's fees for 26.40 hours of time expended by her attorney at the stipulated fee rate for a total request of $5,013.20 under the authority of the Equal Access to Justice Act ("EAJA"). The Commissioner contests the award of EAJA fees, contending her position in the underlying case was substantially justified.

EAJA provides that a prevailing party other than the United States shall be awarded fees and costs unless the court finds the position of the United States was substantially justified or that

special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). With respect to EAJA applications in Social Security cases, Defendant has the burden of showing that her position was substantially justified. Hadden v. Bowen, 851 F.2d 1266, 1267 (10th Cir. 1988). Defendant must prove that, even if her position is incorrect, her case had a reasonable basis in law and in fact. Id. To establish substantial justification, Defendant must show that there is a genuine dispute and that reasonable people could differ concerning the propriety of a particular agency action. Pierce v. Underwood, 487 U.S. 552, 565 (1987). The government's "position can be justified even though it is not correct . . . and it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct . . ." Id. at 566 n.2.

Clearly, Claimant constituted the prevailing party in accordance with this Court's decision. The Commissioner contends that (1) the adoption of the opinion of the vocational expert was reasonable despite deviating from the *Dictionary of Occupational Titles ("DOT")*; (2) the ALJ's weighing of Dr. Hobbs' opinion was reasonable; and (3) the ALJ's credibility determination was supported and reasonable despite not considering the third party statements concerning Claimant's ability to engage in daily activities.

Defendant appears to argue that once the ALJ asks the vocational expert if his testimony conflicts with the *DOT*, his

2

obligation is concluded.  An ALJ's responsibility to investigate any discrepancies between the vocational expert's testimony and the *DOT* remains.  Haddock v. Apfel, 196 F.3d 1084, 1091 (10th Cir. 1999).  Should the ALJ choose to rely upon the vocational expert's testimony without further investigation or inquiry, he does so at his peril.  The vocational expert's testimony deviated from the *DOT* and the ALJ did not fulfill his obligation to investigate.

As for the ALJ's consideration of Dr. Hobbs' opinion, the fact remains that the ALJ rejected the vast majority of Dr. Hobbs' statements but yet gave the opinion "partial weight."  The ALJ did not explain which part of this treating physician's opinion to which he gave weight.  The ALJ also demanded a level of detail from the forms provided to Dr. Hobbs which is never present.

The remand on credibility was based upon the ordered reconsideration of the objective medical evidence from third party statements and Dr. Hobbs.  Once the ALJ reexamines this evidence, he may be forced to review his findings on credibility and assessment that Claimant's subjective statements were not supported by objective medical evidence.  Consequently, this Court cannot conclude that Defendant's position taken in this action was substantially justified.

IT IS THEREFORE ORDERED that Claimant's Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act (Docket Entry #25) is hereby **GRANTED** and that the Government be ordered to pay Claimant's attorney's fees in the total amount of $5,013.20.

In accordance with the ruling of the Tenth Circuit Court of Appeals, the award shall be made to Plaintiff as the prevailing party and not directly to Plaintiff's counsel. <u>Manning v. Astrue</u>, 510 F.3d 1246, 1255 (10th Cir. 2007); 28 U.S.C. § 2412(b). In addition, should Plaintiff's counsel ultimately be awarded attorney's fees pursuant to 42 U.S.C. § 406(b)(1), counsel shall refund the smaller amount to Plaintiff. <u>Weakley v. Bowen</u>, 803 F.2d 575, 580 (10th Cir. 1986).

IT IS SO ORDERED this 3rd day of May, 2016.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE